Huang v. Garland

BIA
Loprest, IJ
A205 888 609

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of May, two thousand twenty-one.

PRESENT:
>       JON O. NEWMAN,
>       GUIDO CALABRESI,
>       BARRINGTON D. PARKER,
>               *Circuit Judges.*[1]

_____

YUN QING HUANG,
>       *Petitioner*,

>       v.                                          17-3922
                                                    NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
>       *Respondent.*[2]

_____

FOR PETITIONER:                Gary J. Yerman, Esq., New York, NY.

---

[1] Circuit Judge Peter W. Hall, originally a member of the panel, passed away on March 11, 2021. Circuit Judge Jon O. Newman has replaced Judge Hall on the panel for this matter. See 2d Cir. IOP E(b).

[2] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Merrick B. Garland is automatically substituted as Respondent.

**FOR RESPONDENT:**          Joseph H. Hunt, Assistant Attorney General; Carl H. McIntyre, Assistant Director; Justin R. Markel, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yun Qing Huang, a native and citizen of China, seeks review of a November 16, 2017, decision of the BIA affirming a April 6, 2017, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yun Qing Huang,* No. A 205 888 609 (B.I.A. Nov. 16, 2017), *aff'g* No. A 205 888 609 (Immig. Ct. N.Y. City Apr. 6, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Our review is limited to the reasons given by the BIA, and "we may consider only those issues that formed the basis for that decision." *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 122 (2d Cir. 2007). The BIA concluded that Huang

2

failed to meaningfully challenge the dispositive adverse credibility determination. Huang's notice of appeal to the BIA and her ensuing brief alleged briefly that she was credible and that her testimony should have been given more weight, but she did not identify any specific errors in the IJ's decision. By neglecting to raise any specific arguments before the BIA, Huang failed to exhaust the issues she now attempts to raise in this Court. *See id*. at 119-20; *Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008) (finding challenges to inconsistency findings unexhausted when not challenged before the BIA).

Moreover, Huang has waived any challenge to the BIA's finding that she failed to sufficiently challenge the adverse credibility determination on appeal. Her brief does not address the BIA's dismissal of her appeal based on her waiver of the adverse credibility determination and her opposition to summary denial conceded that she did not meaningfully develop her arguments. Although that opposition asserted that the general reference to credibility was sufficient to exhaust, she relied on non-binding precedent and has not further fleshed out that argument by filing a reply brief.

3

Huang has not exhausted the specific issues she now raises, *see Shunfu Li*, 529 F.3d at 146, and has not sufficiently challenged the BIA's grounds for dismissal, *see Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4